# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CRIMINAL NO. 09-200-P-H |
| | ) |
| DAHABO OSMAN, | ) |
| DEFENDANT | ) |

## ORDER ON DEFENDANT'S MOTION FOR RELIEF
## FROM PREJUDICIAL JOINDER OF COUNTS AND DEFENDANTS

The defendant Dahabo Osman is charged with co-defendant Ahmed Guled in a twenty-three count Indictment. Indictment (Docket Item 3). She moves to sever counts and defendants for improper joinder under Rule 8 and to obtain relief from prejudicial joinder under Rule 14. She wants me to divide the Indictment into three "sets" of counts for trial: (1) Counts 1-6 involving both defendants (she characterizes it as fraud involving health care benefits from MaineCare[1]); (2) Counts 9-11, 16-17, and 22-23, involving her alone (she says failing to disclose income in order to qualify for government benefits); and (3) Counts 7-8, 12-15, and 18-21, involving Guled alone (she says failing to disclose income and assets in order to qualify for government benefits). The time period covered by the criminal charges in the Indictment is 2006 to 2009. The motion is **DENIED**.

---

[1] MaineCare, formerly Medicaid, is a joint federal-state program, which provides medical assistance to people with limited resources.

**IMPROPER JOINDER**

Osman's argument is that Rule 8(b) "does not allow for the joinder of defendants when the counts respective to each defendant are unrelated." Defendant's Motion for Relief from Prejudicial Joinder of Counts and Defendants at 8 (Docket Item 23).  But the Indictment charges Osman and Guled jointly with both health care fraud (Count 2) and conspiracy to commit health care fraud (Count 1).  Rule 8(b) explicitly allows joinder of two or more defendants "if they are alleged to have participated in the same act or transaction . . . constituting an offense or offenses."  Fed. R. Crim. P. 8(b). Clearly, then, joinder is proper on Counts 1 and 2, and Osman concedes that joinder is also proper as to Counts 3-6 which, she says, "concern conduct related in substance and form to the allegations contained in Counts 1 and 2." Defendant's Motion for Relief from Prejudicial Joinder of Counts and Defendants at 2.  Moreover, Rule 8 allows joinder not only of defendants, but also of offenses when they "are of the same or similar character, or are based on the same act or transaction."  Fed. R. Crim P. 8(a).  That condition applies here, where all the counts involve fraud against various federal programs to obtain benefits during the period 2006 through 2009.  Thus, given the fraud charges against Osman in Counts 1 and 2, it is proper under Rule 8(a) to join the other charges against Osman individually.  And since Guled is already properly joined in Counts 1-6, it is also proper under Rule 8 to join the other charges against him individually.  See Fed. R. Crim. P. 8(b) ("All defendants need not be charged in each count.").  Moreover, the fraud alleged in Counts 1-6 generated income and assets that are the basis for the government benefit

2

fraud charges in the rest of the Indictment, and/or show through Osman's activities that she was not disabled at a time when she claimed Social Security disability benefits. Rule 8(a) is "'generously construed in favor of joinder'" and "'similar' does not mean 'identical.'" United States v. Melendez, 301 F.3d 27, 35 (1st Cir. 2002) (quoting United States v. Randazzo, 80 F.3d 623, 627 (1st Cir. 1996) and United States v. Edgar, 82 F.3d 499, 503 (1st Cir. 1996)). I conclude that joinder here is proper.

### RELIEF FROM PREJUDICIAL JOINDER

The real issue is whether the joinder is prejudicial under Rule 14. See Fed. R. Crim. P. 14. On that issue, Osman argues that I must sever the first group of counts, and that failure to sever them "will impermissibly suggest propensity to commit the fraud alleged in the other counts, and it will violate the defendant's Fifth Amendment Rights." Defendant's Motion for Relief from Prejudicial Joinder of Counts and Defendants at 3. I deal with the "propensity" argument first.

Osman argues that the first six counts involve "a relatively sophisticated plan" of joint behavior between the two defendants, unlike the remaining "relatively simple conduct" behind the rest of the fraud counts. She argues that jurors learning of the "relatively involved conspiratorial acts of deception" in the first six counts will conclude that she "would be more likely to commit the far more simpler [sic] acts of fraud" alleged in the other counts, which she believes is a forbidden "strong implication of propensity." Defendant's Motion for Relief from Prejudicial Joinder of Counts and Defendants at 5.

3

The First Circuit requires a "strong and convincing showing of prejudice" for such an argument to succeed, <u>United States v. Richardson</u>, 515 F.3d 74, 81 (1st Cir. 2008)(citations omitted), pointing out that "[s]ome prejudice results in almost every trial in which the court tries more than one offense together," and that "[g]arden variety prejudice . . . will not, in and of itself, warrant severance." <u>Id</u>. I conclude that Osman's argument here involves only garden variety prejudice. See <u>United States v. Boulanger</u>, 444 F.3d 76, 88 (1st Cir. 2006) (quoting <u>United States v. Taylor</u>, 54 F.3d 967, 974 (1st Cir. 1995)). Trial judges regularly ask juries to consider the evidence on each count separately, and juries regularly do so, producing verdicts that vary count by count. It is not at all apparent that jurors would conclude that a defendant who engages in sophisticated deception necessarily would engage in simple deception. Indeed the contrary hypothesis seems equally likely. Here, moreover, even if I severed the first six counts, it is likely that the evidence of fraud in those counts would appear in a trial on the other counts, because that conduct is the source of the income that Osman failed to report in the other counts, and the government could use the fraud in support of its case that she intentionally failed to report it.

Osman's Fifth Amendment argument is that she would like to testify on Counts 1 and 2, but not on the other counts, where her testimony is likely to be incriminating, and that if the counts are not severed, she will have to forego her right to testify. Specifically, she says:

> The basic theory of Ms. Osman's defense with regard to [the first group, involving joint activity] will, obviously, be that the Government has failed

4

> to carry its burden of demonstrating, beyond a reasonable doubt, that she knowingly engaged in the relatively elaborate conduct alleged therein with the intent to defraud. In order to establish this defense it will be necessary for Ms. Osman to testify concerning what she did and did not do, and what she reasonably did or did not believe.
>
> . . . . Due to the fairly simple nature of the conduct alleged in the counts of Set 2 [Counts 9-11, 16-17, 22-23, charging Osman with "failing to disclose income in order to qualify for certain government benefits," according to the defendant, Defendant's Motion for Relief from Prejudicial Joinder of Counts and Defendants at 2], if Ms. Osman testifies with regard to those counts she will likely incriminate herself. In fact, Ms. Osman's testimony may make it easier for the Government to carry its burden with regard to the counts of Set 2. Consequently, it is not presently Ms. Osman's intent to testify with regard to the counts of Set 2.

Defendant's Motion for Relief from Prejudicial Joinder of Counts and Defendants at 5-6.

The First Circuit requires "a convincing showing that [Osman] has both important testimony to give concerning one count and strong need to refrain from testifying on the other." Richardson, 515 F.3d at 81 (internal quotations omitted). Here, it is unclear how Osman's testimony is important on the first two Counts and how it will explain the fact that she made false statements about her co-defendant's need for services, submitted false timesheets, and turned over her wages to her co-defendant. Since Osman has not provided that showing, I cannot evaluate the significance of her claimed dilemma. She has not provided the information I need "to weigh 'the considerations of judicial economy' against the defendant's 'freedom to choose whether to testify.'" United States v. Jordan, 112 F.3d 14, 17 n.2 (1st Cir. 1997) (quoting United States v. Alosa, 14 F.3d 693, 695 (1st Cir. 1994)(citations omitted)). Thus, this is a case like Alosa, where the court found that the defendant did not make the case for severance because he vaguely described testimony he would give as a

defense to one set of counts and wanted not "to help [the government] close [the] gap" by incriminating testimony on the other charges, if he were cross-examined.  Alosa, 14 F.3d at 695. "The Fifth Amendment protects the defendant's right to choose whether to testify.  It does not assure that the testimony will only benefit the defendant," and "the case law is less protective of a defendant's right to testify selectively, addressing some issues while withholding testimony on others that are related." Id. at 696, 695.  Nor is this a case like Jordan where a very specific proffer was made that went to a central element of the charged tax offense, information that only the defendant through his testimony could provide, while taking the stand would result in self-incrimination on fraud charges.  See Jordan, 112 F.3d at 17-18. Osman has not provided the detail to establish either that her testimony is important on Counts 1 and 2 or that she strongly needs not to testify on the remaining counts.

     Finally, Osman argues that severance is required "to avoid exposing the jury to evidence which would otherwise be inadmissible in separate trials." Defendant's Motion for Relief from Prejudicial Joinder of Counts and Defendants at 7.  I am not sure that this argument is different from the propensity argument I have already considered, but since the defendant addresses it as a Rule 404(b) argument, I will do so as well.  As the government argues, evidence of her fraudulently obtained income (Counts 1 and 2) would indeed be admissible on the other fraud charges that she illegally obtained government benefits while receiving that income or illegally claimed to be disabled when she was able to work.  Likewise, on the health care benefits

6

fraud charges (Counts 1 and 2), Osman's failure to report income to the various federal agencies as charged in the other counts would be admissible on her intent and knowledge concerning whether her income was illicit.  And as for any evidence of fraud on the part of co-defendant Guled, it can be dealt with by jury instructions.  This type of "prejudicial spillover cannot succeed unless 'a defendant . . . prove[s] prejudice so pervasive that a miscarriage of justice looms.'"  United States v. Trainor, 477 F.3d 24, 36 (1st Cir. 2007) (quoting United States v. Levy-Cordero, 67 F.3d 1002, 1008 (1st Cir. 1995)).  That is not the case here.

      The motion for severance is **DENIED**.

      **SO ORDERED.**

      **DATED THIS 23RD DAY OF MARCH, 2010**

      /s/ D. Brock Hornby
      **D. BROCK HORNBY**
      **UNITED STATES DISTRICT JUDGE**